UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**RYAN JAMES RETZ**,<br><br>Debtor.<br><br>**DONALD G. ABBEY** and **TIMBERLAND CONSTRUCTION, LLC**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**RYAN JAMES RETZ**,<br><br>Defendant. | Case No. **04-60272-7**<br><br><br><br><br><br>Adv No. **05-00005** |

## MEMORANDUM OF DECISION

At Butte in said District this 1st day of May, 2007.

Plaintiffs filed this adversary proceeding on January 6, 2005. On May 1, 2006, this Court approved a settlement agreement between Plaintiffs, Defendant and the Chapter 7 Trustee, Richard J. Samson. Pursuant to such settlement agreement the interested parties agreed how the sale proceeds from Lot 6, Woodside Subdivision, Flathead County, Montana, 650 Woodside Lane, Whitefish, Montana, would be distributed. On January 9, 2007, Plaintiffs, through their attorneys, Michael G. Black and Edward A. Murphy, of Missoula, Montana, filed a motion, doc. # 170, for approval of distribution of sale proceeds and enforcement of agreements, with notice. Plaintiffs requested that this Court approve a distribution of sale proceeds wherein Plaintiffs

1

(TCLLC) would receive $60,000, Defendant would receive $9,130.73, and the Trustee would receive $15,000.

On January 22, 2007, Defendant, through his attorney, Harold V. Dye, of Missoula, Montana, filed a response, doc. # 172, and an amended response, doc. # 173, and requested a hearing for March 8, 2007. Defendant contends in his amended response that Defendant should receive a distribution of $22,431.16.

On March 7, 2007, Trustee Samson filed a response to Plaintiffs' motion, doc. # 184, and contends that Defendant is entitled to the amount of $9,130.73 and that the balance of the sale proceeds should be distributed to and retained by the Trustee as any distribution to Plaintiffs is premature. Trustee had prepared an amended proposed distribution that was attached to Plaintiffs' motion as Exhibit A. The Court held a hearing on March 9, 2007. The interested parties requested until March 23, 2007, to file briefs, which the Court granted. Defendant requested additional time to file briefs, which the Court granted until April 6, 2007. Defendant again requested additional time to file briefs, which the Court granted until April 20, 2007. Plaintiffs and Defendant filed briefs on April 19, 2007, and Trustee filed his brief on April 20, 2007. Upon the filing of briefs, the contested motion on distribution has been under advisement. The Court has reviewed the briefs, the motions and the responses and is ready to issue a decision. This memorandum contains the Court's findings of fact and conclusions of law. The Court will issue a separate order granting the motion in part and denying the motion in part. The Trustee shall distribute the amount of $9,130.73, payable to Ryan James Retz. The Trustee shall receive and retain, subject to subsequent order of this Court, the amount of $75,000.

**FACTS**

The facts are not in dispute as to the sale of property and the closing of such sale transaction. The Trustee's amended proposed distribution, the settlement agreement and the closing statement are deemed admitted as Exhibits, as each party in the motion, the responses and the briefs have identified such Exhibits by various letters. Any objections to the admission of such Exhibits are deemed waived. For clarity, the Court identifies the exhibits as attached to Trustee's brief as follows: Trustee's amended proposed distribution (Exhibit ("Ex.") A), the settlement agreement (Ex. B), and the closing statement (Ex. C). The dispute arises in how the proceeds of sale should be distributed bases upon the terms of the approved settlement agreement.

The 650 Woodside Lane home sold for $260,000, on May 31, 2006. The settlement agreement provides, in pertinent part:

> 6. Interim Possession of Property. R. Retz shall have possession of the real property located at 650 Woodside until June 30. 2006. During this time period, R. Retz shall continue to keep the mortgage payment to Whitefish Credit Union current on a monthly basis, shall maintain property and casualty insurance on the premises and shall be responsible for the payment of all real property taxes which accrue through June 30, 2006. To the extent that the Trustee may advance payment for real estate taxes, any such payment shall be applied to reduce proceeds payable to R. Retz, if any, pursuant to Paragraph 8 below. R. Retz covenants to maintain the real property, structures, and fixtures in good repair, and shall not commit waste in any respect. R. Retz further covenants that no additional encumbrances will be placed upon the property during his possession under this Agreement. R. Retz further agrees that the Trustee or his designated agent shall have the right to inspect the premises upon forty-eight (48) hours' written notice, which may be delivered to R. Retz or his counsel. R. Retz will agree to provide the Trustee with evidence that the subject real property is currently insured within three (3) days of Court approval of this Agreement. The failure of R. Retz to timely make the monthly mortgage payments as they become due on the subject real property, failure to keep the property insured, or failure to perform other obligations set forth in this paragraph, shall be deemed to constitute

3

an occurrence of default by him under this Agreement and the Trustee can immediately enforce the judgment against the real property and record the quitclaim deed to the subject real property.

*\*\*\**

8. Distribution of Sale Proceeds. The parties agree that proceeds from the sale of the real property shall be distributed in the following manner:

(A) First, in payment of all normal closing costs, title insurance and real estate broker's commissions.

(B) Second, payment in full of the outstanding balance due and owing to Whitefish Credit Union under a note and deed of trust executed by R. Retz on or about November 23, 2003, and no other obligation shall be satisfied from proceeds of the sale of property.

(C) If the gross sale price of the real property is $240,000 or less, then the Trustee shall receive the lesser amount of $60,000.00 or the entire remaining proceeds of sale, after payment of all items specified in paragraphs (A) and (B), herein, and R. Retz shall receive the remainder (if any).

(D) If the gross sale price of the real property is more than $240,000, then the proceeds from the sale, up to the sum of $240,000, shall be divided as provided in the prior paragraph and the balance of the sale proceeds in excess of $240,000 (excluding normal closing costs, title insurance, real estate broker's commission) shall be paid or divided in the ratio of 75% to Trustee and 25% to R. Retz.

(E) R. Retz understands and acknowledges that if a sale of the subject real property is not consummated on or before June 30, 2006, as defined herein, then the provisions of this Paragraph 8 shall not apply to him and any subsequent sale of the subject real property by the Trustee will not entitle him to receive any proceeds from the sale of the property.

## DISCUSSION

The Court applies Montana law to the interpretation of the provisions contained in the settlement agreement. *Commercial Paper Holders v. Hine (In re Beverly Hills Bancorp)*, 649 F.2d 1329, 1332 (9th Cir. 1985); *Royal Bank & Trust Co. v. Pereira (In re Lady Madonna Industries, Inc.)*, 76 B.R. 281, 288-89 (S.D.N.Y. 1987); and *Cannon v. Hawaii Corp. (In re*

4

*Hawaii Corp.*, 796 F.2d 1139, 1143 (9th Cir. 1986). In considering Montana law, "[t]he construction and interpretation of a written contract is a question of law." *Wurl v. Polson School Dist. No. 23*, 2006 MT 8, ¶¶16-17, 330 Mont. 282, ¶ 16-17, 127 P.3d 436, ¶¶ 16-17, citing *King Resources, Inc. v. Oliver*, 2002 MT 301, ¶ 18, 313 Mont. 17, ¶ 18, 59 P.3d 1172, ¶ 18. "Where a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible . . . ." MONT. CODE ANN. § 28-3-303. "[W]here a contract's terms are clear and unambiguous, a court must apply the language as written." *Wurl,* ¶ 16.

If a contract term is ambiguous, any interpretation of the term involves a question of fact as to the intent of the parties. *Wurl*, ¶ 17. The determination of whether an ambiguity exists is a question of law. Merely a disagreement between the parties as to the interpretation of a contract does create an ambiguity. An ambiguity exists when two different interpretations of the contract language are reasonably possible. *Wurl*, ¶ 17.

The Court concludes that, by applying the above principles to the settlement agreement, no ambiguity exists. The contract terms are clear. The operative provisions contained in paragraphs 6 ("¶ 6") and ("¶ 8") of the agreement quoted above require the following calculation. The Court's calculation determines the same result as to the amount distributable to Ryan James Retz as calculated by Plaintiff and the Trustee. Defendant misapplies paragraphs 6 and 8, in his calculation.

|  | ¶ 8C limit | ¶ 8D limit | Total |
|---|---|---|---|
| Sales Price | $ 240,000 | $20,000 | $ 260,000 |
| Less ¶ 8(A) |  |  |  |
| Closing Fee | ($      150) |  | ($      150) |
| Recording Fee | ($       74) |  | ($       74) |

| | | | | |
|---|---|---|---|---|
| Release Lis Pendens | ($ 14) | | ($ 14) | |
| Fedex | ($ 4.88) | | ($ 4.88) | |
| Advertising Expense | ($ 519.94) | | ($ 519.94) | |
| Title Ins. | ($ 707.25) | | ($ 707.25) | |
| Broker's Commission | ($ 15,600) | | ($ 15,600) | |
| | | | | |
| Less ¶ 8(B) | | | | |
| Whitefish loan | ($154,642.19 | | ($154,642.19) | |
| | | | | |
| Net Sale Proceeds | $ 68,287.74 | $20,000 | $ 88,287.74 | |

Lesser of $60,000 or
remaining proceeds
to estate: ¶ 8(C)          $ 60,000

Excess Proceeds: ¶ 8(C)
To Ryan                    $ 8,287.74

Ratio: ¶ 8(D)

To Estate: 75%                              $15,000
To Ryan:  25%                               $ 5,000

Total Amount Due to Estate: $ 75,000 ($60,000 plus $15,000 (75%))

Total Amount Due to Ryan:  $ 13,287.74 ($8,287.74 plus $5,000 (25%))

Less Taxes: ¶ 6
Delinquent RE Taxes        $ 3,493.18                  $ 3,493.18
Accrued RE Taxes           $    663.83                 $    663.83
Total RE Tax Deduction     $ 4,157.01                  $ 4,157.01
To Be Paid by Ryan

Net Amount Due Ryan        $ 9,130.73

RECAPITULATION:    Funds Received by Trustee from Sale    $ 84,130.73

    Total Due Estate:    $ 75,000
    Total Due Ryan:      $  9,130.73

    Total:               $ 84,130.73

Paragraph 6 of the settlement agreement allocates the unpaid real estate taxes, both

accrued to date of closing and delinquent taxes, to Defendant, requiring the additional deduction of $4,157.01 from his initially calculated portion of the distribution in the amount $13,287.74.

Initially, Plaintiff requested that identified distributions be made to Plaintiffs ($60,000), to Defendant ($9,130.73) and to Trustee ($15,000). Plaintiffs, however in their brief, request that the Plaintiffs' distribution be retained by the Trustee at this time, without waiver of their rights to a distribution to be determined in the future by subsequent order of this Court. Plaintiffs' rights to any distribution are retained, with the amount to be determined by subsequent order of this Court. The Court directs that the amount of $9,130.73 be distributed to Ryan James Retz, with the balance retained by the Trustee until this Court issues a subsequent distribution order is issued.

Based upon the foregoing analysis and calculations, the Court will enter the following separate order,

IT IS ORDERED that Plaintiffs' motion, doc. # 170, for approval of distribution of sale proceeds and enforcement of agreements is granted in part and denied in part; that the Trustee shall immediately distributed to Ryan James Retz pursuant to the identified and approved settlement agreement the amount of $9,130.73; and that the Trustee shall retain the remaining amount of $75,000 until a subsequent order is entered by this Court allowing a subsequent distribution.

                BY THE COURT

                HON. RALPH B. KIRSCHER
                U.S. Bankruptcy Judge
                United States Bankruptcy Court
                District of Montana